UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DAVID CAMERON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KRISPY KREME, INC., JOSH CHARLESWORTH, and JEREMIAH ASHUKIAN,<br><br>Defendants. | Case No.: 3:25-cv-00332-MOC-SCR<br><br>Hon. Max O. Cogburn, Jr.<br><br><u>CLASS ACTION</u><br><br>**ORAL ARGUMENT REQUESTED** |
| ELIZABETH LEODLER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KRISPY KREME, INC., JOSH CHARLESWORTH, and JEREMIAH ASHUKIAN,<br><br>Defendants. | Case No.: 3:25-cv-00469-MOC-DCK<br><br>Hon. Max O. Cogburn, Jr.<br><br><u>CLASS ACTION</u><br><br>**ORAL ARGUMENT REQUESTED** |

**MOTION BY THE WEST PALM BEACH POLICE PENSION FUND SEEKING DISCOVERY FROM JAN DUJMOVIC PURSUANT TO SECTION 21D(a)(3)(B)(iv) <u>OF THE SECURITIES EXCHANGE ACT OF 1934</u>**

TO:     ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, upon the Motion by proposed Lead Plaintiff the West Palm Beach Police Pension Fund ("WPB Police") seeking Discovery from Jan Dujmovic ("Dujmovic") pursuant to Local Civil Rule 16.1(f) and Section 21D(a)(3)(B)(iv) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B)(iv), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); the Memorandum of Law in Further Support of the Motion of WPB Police for Consolidation, Appointment as Lead Plaintiff, Approval of Selection of Counsel, and in Opposition to the Competing Motions ("WPB Police Opp'n"); and the Declaration of William R. Terpening in support thereof ("Terpening Decl."), all of which are filed herewith, WPB Police hereby moves this Court for an Order granting WPB Police permission to command discovery of Dujmovic concerning Dujmovic's representation that he is the most adequate plaintiff in the above-captioned action.[1]

This motion is based on the Memorandum of Law and Certification filed by Dujmovic (*see* ECF Nos. 13 and 14-1), as well as the WPB Police Opp'n and exhibits attached to the Terpening Decl. The lack of evidentiary basis in support of Dujmovic's motion for appointment as lead plaintiff, and the uncertainties raised by the WPB Police Opp'n, which are supported by the exhibits in the Terpening Decl., demonstrate a reasonable basis for a finding that Dujmovic may not be capable of adequately representing the class. The issues raised by the lack of evidentiary bases include the following:

- Whether Dujmovic's use of multiple pseudonyms and aliases, including "Jan Dvic," "Mr. Profit," and "Profit Trade Room" and the concerning nature of his

---

[1] Pursuant to Local Civil Rule 7.1(b), the parties conferred by telephone conference and by email on July 28, 2025. Although WPB Police attempted in good faith to resolve the matters in this motion, WPB Police has not received a response to its request for information that implicates Dujmovic's Rule 23 adequacy as of the time of this motion.

1

business locations—including dubious claims of operating from the headquarters of the New York Stock Exchange at 11 Wall Street, New York, New York 10005, International Free Zone Authority, P.O. Box 7800, Fujairah, United Arab Emirates, and/or 71-75 Shelton Street, Covent Garden, London, United Kingdom, WC2H 9JQ—and his questionable choice to operate through the International Free Zone Authority in the United Arab Emirates, an environment known for minimal regulatory oversight and the ability to obscure business identities and operations, demonstrate a lack of transparency that undermines his ability to serve as a fiduciary for the class;

- Whether Dujmovic's reliance on atypical trading strategies such as "day trading" through his "Mr. Profit" persona and related pseudonyms and entities distinguishes him from typical class members and subjects Dujmovic to unique defenses that compromise his ability to serve as a class representative;

- Whether Dujmovic is operating as an unlicensed and unregistered provider of investment advisory services, and whether that exposes him to potential criminal and civil liability that renders him inadequate to represent the class;

- Whether Dujmovic's failure to disclose his ownership interest in the stocks he promoted publicly and to his clients, including Krispy Kreme common stock, violated Securities and Exchange Commission ("SEC") disclosure rules and subjects him to unique defenses; and

- Whether Dujmovic profited on the sales of any shares of securities promoted by Profit Trade Room while promoting specific securities without disclosure of his ownership interest.

2

The PSRLA provides that, for purposes of appointing a lead plaintiff, "discovery relating to whether a member or members of the purported plaintiff class is the most adequate plaintiff may be conducted by a plaintiff only if the plaintiff first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iv); *see also Ollila v. Babcock & Wilcox Enters., Inc.*, 253 F. Supp. 3d 827, 830 (W.D.N.C. 2017) (citing the PSLRA's lead plaintiff procedures allowing discovery). Given the transparency and candor issues present in Dujmovic's submissions to the Court, and concerning questions about his background and ability to act as a fiduciary on behalf of the Class, the threshold "reasonable basis" standard of discovery under the PSLRA has more than been exceeded.

Courts have allowed discovery at the lead plaintiff stage in similar instances involving concerns about a movant's typicality and adequacy, including candor in its certified statements, transparency in disclosures about its background and fitness to serve as lead plaintiff, and credibility in light of the lead plaintiff's duty to provide accurate and fulsome testimony when called upon. A recent decision granting discovery in *Averza v. Super Micro Computer, Inc.* is instructive here. No. 5:24-cv-6147, 2024 WL 5112222 (N.D. Cal. Dec. 12, 2024). In that case, after finding a lead plaintiff movant had the largest loss and was facially adequate, the court considered "serious questions" raised by a competing movant concerning "fitness for the role," including: discrepancies in its submissions to the court, the state of its financial condition, and whether it relied on defendant company's misstatements in purchasing shares, "like the typical class member, or [] some other reason." *Id.* at *4-6. These issues, the *Super Micro* court found, demonstrated "a reasonable basis for conducting further discovery" into the movant's "suitability for the role of lead plaintiff." *Id.* at *6; *see also Applestein v. Medivation Inc.*, No. 10-cv-998,

3

2010 WL 3749406, at *5 (N.D. Cal. Sept. 20, 2010) (finding a reasonable basis for discovery regarding "concerns about [a movant]'s transparency and its trading practices"); *Andrade v. Am. Apparel, Inc.*, No. 10-cv-6352, 2011 WL 13131110, at *3 (C.D. Cal. Jan. 21, 2011) (granting discovery into movant's "ability to serve as a fiduciary" in light of allegations of misconduct, and citing "honesty and trustworthiness" as "relevant factors in assessing a candidate's ability to serve as an adequate fiduciary for a class") (citation omitted); *Broadfoot v. Barrick Gold Corp.*, No. 17-cv-3507, 2017 WL 3738444, at *1 (S.D.N.Y. Aug. 9, 2017) (granting discovery regarding movant's trading practices due to the "potential that [movant] is in a unique position that would defeat typicality and adequacy").

Here, the multitude of issues regarding Dujmovic's identity, location, and authority to act as an investment advisor are the very sorts of issues of transparency, honesty, and trustworthiness that have concerned courts in these cases and amount to a "reasonable basis" to grant WPB Police's request for limited discovery.[2] While WPB Police maintains that these issues are disqualifying on their face, at the very least the Court should allow discovery to be able to properly assess Dujmovic's fitness to act as a fiduciary under Rule 23. *See Barrick Gold*, 2017 WL 3738444, at *1 (observing that "[a]s a matter of case management, it would be preferable to engage [at the lead plaintiff stage] in a fuller examination [of movant adequacy]").

Accordingly, WPB Police requests permission to take discovery on these issues concerning Dujmovic's adequacy to serve as Lead Plaintiff under Rule 23.

Dated: July 29, 2025                                              Respectfully submitted,

**TERPENING LAW PLLC**

---

[2] *See* Memorandum of Law in Further Support of the Motion of the WPB Police for Consolidation, Appointment as Lead Plaintiff, Approval of Selection of Counsel, and in Opposition to the Competing Motion, filed concurrently herewith.

By: */s/ William R. Terpening*

William R. Terpening
NC Bar No. 36418
221 West 11th Street
Charlotte, NC 28202
Tel.: (980) 265-1700
terpening@terpeninglaw.com

*Local Counsel for Proposed Lead Plaintiff West Palm Beach Police Pension Fund, and Proposed Local Counsel for the Class*

**SAXENA WHITE P.A.**
Marco A. Dueñas (*pro hac vice* forthcoming)
10 Bank Street, Suite 882
White Plains, NY 10606
Tel.: (914) 437-8551
Fax: (888) 216-2220
mduenas@saxenawhite.com

*Counsel for Proposed Lead Plaintiff West Palm Beach Police Pension Fund, and Proposed Lead Counsel for the Class*

**KLAUSNER KAUFMAN JENSEN & LEVINSON**
Robert D. Klausner (*pro hac vice* forthcoming)
7080 NW 4th Street
Plantation, Florida 33317
Tel.: (954) 916-1202
Fax: (954) 916-1232
bob@robertdklausner.com

*Additional Counsel for Proposed Lead Plaintiff West Palm Beach Police Pension Fund*

5

## **ARTIFICIAL INTELLIGENCE CERTIFICATION**

I HEREBY CERTIFY that (1) no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, and Bloomberg; and (2) every statement and every citation to an authority contained in this document has been checked by an attorney in this case and working at their direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

*/s/ William R. Terpening*
William R. Terpening

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 29, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users.

*/s/ William R. Terpening*
William R. Terpening
